IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
C.A. No. 1:13-cv-277

| | |
|---|---|
| MONESHA STATON,<br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>NORTH STATE ACCEPTANCE, LLC, and<br>EQUIFAX INFORMATION SERVICES,<br>LLC,<br>　　　　　　　　　　Defendants. | **BRIEF IN SUPPORT OF<br>MOTION TO STRIKE<br>AFFIRMATIVE DEFENSES OF<br>DEFENDANT NORTH STATE<br>ACCEPTANCE, LLC** |

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

NOW COMES Plaintiff MONESHA STATON, by and through counsel, and files this Brief in Support of her Motion to Strike the affirmative defenses numbered 1, 2, 3, 4, and 6 of Defendant NORTH STATE ACCEPTANCE, LLC's Answer (Dkt. #11) pursuant to FED. R. CIV. P. 12(f), and Local Rules 7.2 and 7.3, and states the following in support of her motion:

## NATURE OF THE CASE

Ms. Staton's Complaint in this matter presents detailed allegations that Defendant North State, an auto finance company, failed to reasonably investigate the status of a loan account that Ms. Staton had disputed with the credit bureau, Equifax. Ms. Staton has asserted a cause of action against North State for violations of the Fair Credit Reporting Act ("FCRA") at 15 U.S.C. § 1681s-2(b). To briefly summarize the statutory provisions of the FCRA at issue, when a consumer disputes information on his or her credit report, the FCRA requires the creditor furnishing the information "to conduct a reasonable investigation of [its] records to determine whether the disputed information can be verified." *Johnson v. MBNA American Bank, N.A.*, 357 F.3d 426, 431 (4th Cir. 2004). If a furnisher does not comply with this portion of the FCRA, a

consumer may bring an action for damages. *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d 492, 509 (D. Md. 2004).

## STATEMENT OF FACTS

On February 22, 2013, Plaintiff filed this action in the General Court of Justice, Guilford County, North Carolina against Defendants NORTH STATE ACCEPTANCE, LLC ("North State") and EQUIFAX INFORMATION SERVICES, LLC ("Equifax"). Dkt. #3. On April 5, 2013, Defendant Equifax removed the matter to this Court. Dkt. # 1. On April 15, 2013, Defendant North State filed its Answer (Dkt. # 11) , thereby requiring Plaintiff to file this Motion to Strike within 21 days thereof. FED. R. CIV. P. 12(f). North State's Answer includes seven affirmative defenses, each of which consists of a single sentence. Dkt. #11 at 9-10. None of the affirmative defenses contains any facts that give Plaintiff fair notice of the factual or legal basis for the purported defenses. Should the Court grant Plaintiff's Motion and strike affirmative defenses numbered 1, 2, 3, 4, and 6, the parties and the Court will save time, money, and judicial resources by avoiding the litigation of spurious issues.

## QUESTIONS PRESENTED

In support of her Motion to Strike, Plaintiff's brief will consider the following questions:

1. Whether Defendant's affirmative defenses detailed herein are insufficient, redundant, immaterial, or impertinent.

2. Whether failure to strike Defendant's affirmative defenses detailed herein will prejudice Plaintiff.

## ARGUMENT

**I. PLAINTIFF'S RULE 12(F) MOTION TO STRIKE THE AFFIRMATIVE DEFENSES DETAILED HEREIN SHOULD BE GRANTED, BECAUSE THESE DEFENSES ARE LEGALLY AND FACTUALLY INSUFFICIENT, IRRELEVANT TO THE**

DETERMINATION OF PLAINTIFF'S CAUSES OF ACTION, AND PREJUDICIAL TO PLAINTIFF.

### A. Standard for Deciding a Rule 12(f) Motion to Strike.

#### 1. FED. R. CIV. P. 8(b), 9(b)

The Federal Rules of Civil Procedure require that a party "state in short and plain terms" its defenses (FED. R. CIV. P. 8(b)(1)(A)). They also require that a party affirmatively state any avoidance or affirmative defense (FED. R. CIV. P. 8(c)(1)). Additionally, FED. R. CIV. P. 9(b) requires that a party alleging fraud or mistake in a pleading must "state with particularity the circumstances constituting fraud or mistake." "Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

As a rule, a party must raise affirmative defenses in its response to a preceding pleading or waive them. S*ee Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 612 (4th Cir. 1999). The purpose of this requirement is to ensure that the opposing party (and the court) has notice of such defenses and opportunity to argue, if necessary, as to why the defenses are inappropriate. *See Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 350 (2008). Consequently, the pleading party must always provide sufficient information to constitute fair notice of such defenses to the receiving party. Courts disapprove of "laundry list[s] of affirmative defenses […] that do not identify the asserted flaws in the Complaint in a manner sufficient to satisfy the notice pleading standards that are imposed on federal defendants as well as plaintiffs." *Fusion Capital Fund II, LLC v. Millenium Holding Group, Inc.*, 2008 WL 719247, *1-*2 (N.D. Ill. 2008) (ordering the defendant *sua sponte* to "flesh out" its affirmative defenses to meet notice pleading standards).

What, then, constitutes fair notice? In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court of the United States set forth a heightened pleading standard for claims for relief made pursuant to Rule 8(a)(2). According to the Supreme Court, to give "fair notice," a claim for relief must consist of more "than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 545. Instead, a pleading must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 547.

Likewise, some courts in the Fourth Circuit hold defendants asserting affirmative defenses in pleadings pursuant to Rule 8(c) to the *Twombly* standard, and such defendants must allege enough facts to state defenses that are plausible on their faces. *See*, *e.g.*, *Racick v. Dominion Law Associates*, 270 F.R.D. 228, 2010 WL 3928702 (E.D.N.C. Oct. 6, 2010) (applying *Twombly* standard in striking affirmative defenses to a Fair Debt Collection Practices Act ("FDCPA") claim). In *Palmer v. Oakland Farms, Inc.*, 2010 WL 2605179 (W.D. Va. June 24, 2010), an employment discrimination case, a court applying *Twombly* struck eleven conclusory, single-sentence affirmative defenses. The *Palmer* court observed that, "At a minimum […] some statement of the ultimate facts underlying the defense must be set forth, and both its non-conclusory factual content and the reasonable inferences from that content, must plausibly suggest a cognizable defense available to the defendant." *See also Bradshaw v. Hilco Receivables, LLC*, 725 F.Supp. 2d 532 (D. Md. 2010) (in an FDCPA case, applying *Twombly* to strike various affirmative defenses as legally insufficient); *Topline Solutions, Inc. v. Sandler Sys., Inc.*, 2010 WL 2998836 (D. Md. July 27, 2010) (in breach of contract case, applying *Twombly* to strike all seven affirmative defenses because the "contain no facts and are too conclusory to provide fair notice of the grounds on which the defenses stand"); *Monster Daddy, LLC v. Monster Cable Prods., Inc.*, 2010 WL 4853661 (D.S.C., Nov. 23, 2010) (in a suit

for specific performance of a contract, applying *Twombly* to strike four affirmative defenses for which "the factual support [… was] alluded to in such general terms"); *Francisco v. Verizon South, Inc.*, 2010 WL 2990159 (E.D. Va. July 29, 2010) (in an employment discrimination case, applying *Twombly* to strike ten affirmative defenses that did not have contain sufficient factual support to enable the court to assume them to be true); *cf. Piontek v. Service Centers Corp.*, 2010 WL 4449419 (D. Md. Nov. 5, 2010) (assuming without deciding that *Twombly* and *Iqbal* apply to affirmative defenses).

A minority of Fourth Circuit district courts, including this Court, have declined to apply the *Twombly* standard to affirmative defenses. *See, e.g.*, *Guessford v. Pa. Nat'l Mut. Cas. Ins. Co.*, 2013 U.S. Dist. LEXIS 6476, *37 (M.D.N.C. Jan. 16, 2013). In *Guessford*, this Court stated that because the Fourth Circuit

> has not directly addressed the implications of *Iqbal* and *Twombly* on the pleading of affirmative defenses […] the Court will follow the language of the Federal Rules of Civil Procedure and the Fourth Circuit's present interpretation of that language, which requires only that a party "affirmatively state any avoidance or affirmative defense" in order to provide fair notice to a plaintiff of the nature of the affirmative defense.

The Court went on to strike several defenses that if found were not applicable to the plaintiff's claims in *Guessford*. *See also Lopez v. Asmar's Mediterranean Food, Inc.*, 2011 WL 98573 at *1 (E.D. Va. Jan. 10, 2011) (in a Fair Labor Standards Act case, declining to apply *Twombly* standard in considering motion to strike affirmative defenses). *Compare*, *Odyssey Imaging, LLC v. Cardiology Assoc. of Johnston, LLC*, 752 F.Supp.2d 721, 726-727 (W.D. Va. Nov 24, 2010) (declining to apply the *Twombly* plausibility standard to affirmative defenses, but nevertheless

striking defenses that were "devoid of factual support that would make them contextually comprehensible"); *accord*, *Cheney v. Vitro America, Inc.*, 2010 WL 5125281, *1 (W.D.Va. Dec. 9, 2010) (applying to affirmative defenses the "contextually comprehensible" standard).

Fourth Circuit courts that have held that the *Twombly* pleading standard applies to affirmative defenses have cited, first, the need for litigation efficiency. As the United States District Court for the District of Maryland observed in *Ulyssix Tech., Inc. v. Orbital Network Eng'g, Inc.*, 2011 WL 631145, *15 (D. Md. Feb. 11, 2011), "[b]oilerplate defenses clutter the docket and, further, create unnecessary work.... Rule 15 allows for appropriate amendments and counsel should therefore feel no need ... to window-dress pleadings early for fear of losing defenses later" (citations omitted) (in a case involving claims of breach of contract, applying *Twombly* to strike eight conclusory affirmative defenses). *Accord*, *Racick*, 2010 WL 3928702, at *4 (citation omitted). The application of *Twombly* to affirmative defenses, then, reflects the need to reduce frivolous affirmative defenses that waste time.

Fourth Circuit courts have also noted that considerations of considerations of fairness and common sense compel the application of the *Twombly* standard to affirmative defenses:

> [I]t neither makes sense nor is it fair to require a plaintiff to provide the defendant with enough notice that there is a plausible, factual basis for her claim under one pleading standard and then permit the defendant under another pleading standard simply to suggest that some defense may possibly apply in the case.

*Palmer*, 2010 WL 2605179 at *4. *See also Topline Solutions, Inc.*, 2010 WL 2998836 at *1 ("[I]t would be incongruous and unfair to require a plaintiff to operate under one standard and to permit the defendant to operate under a different, less stringent standard"), and *Racick*, 270 F.R.D. at 233 (observing, "what is good for the goose is good for the gander").

Plaintiff urges this Court to follow now the majority of Fourth Circuit district courts and apply the common-sense *Twombly* standard to the affirmative defenses in the matter at hand, detailed herein. Defendant has failed to provide any factual underpinning for its affirmative defenses. Instead, it makes conclusory and unsupported statements. This prejudices Plaintiff in that it injects into the litigation the possibility of extensive, unnecessarily burdensome, and costly discovery merely to determine the factual bases for numerous conclusory defenses. *See*, *e*.g., *Holtzman v. B/E Aerospace, Inc.*, 2008 WL 2225668, *2 (S.D. Fla. May 29, 2008). Plaintiff should not be "left to discover the bare minimum facts constituting a defense until discovery, for the 'purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists.'" *Id.* (citations omitted).

The Federal Rules of Civil Procedure address such deficiencies by expressly permitting the Court to strike insufficient defenses, as explained more fully hereinafter. Because Defendant's purported affirmative defenses detailed herein fail to provide proper notice in compliance with Rule 8, this Court should strike them.

### 2. FED. R. CIV. P. 12(f)

Plaintiff brings this motion pursuant to FED. R. CIV. P. 12(f), which provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." The purpose of a motion to strike under this rule is to conserve judicial resources by avoiding "the waste of time and money that arises from litigating unnecessary issues." *Simaan, Inc. v. BP Prods. N. Am, Inc.*, 395 F.Supp.2d 271, 278 (M.D.N.C. 2005) (*citing Buser v. S. Food Serv.*, 73 F.Supp.2d 556, 560 (M.D.N.C. 1999)). *See also Spell v. McDaniel*, 591 F. Supp. 1090, 1112 (E.D.N.C. 1984) (citations omitted) (holding that "Striking such defenses is a proper means of expediting legal proceedings"). Another purpose is to gain an

early adjudication by the court of the legal sufficiency of defenses set forth in a defendant's answer. *First Financial Sav. Bank, Inc. v. American Bankers Ins. Co. of Florida,* Inc. 783 F.Supp. 963, 966 (E.D.N.C. 1991) (citing *U.S. v. Southerly Portion of Bodie Island*, 114 F. Supp. 427 (E.D.N.C. 1953)).

The first type of defense that a court may strike, then, is an insufficient defense. FED. R. CIV. P. 12(f). In *West Management Holdings, Inc. v. Gilmore*, 252 F.3d 316 (4th Cir. 2001), the Fourth Circuit addressed the issue of legally insufficient affirmative defenses. Citing Wright & Miller's treatise on *Federal Practice & Procedure* § 1380, 647, 665 (2d ed.1990), the court stated that "Rule12(f) motions are *generally* viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic … [n]evertheless, a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action *can and should be deleted.*" *Id.* at 347 (internal quotations omitted) (emphasis added) (upholding striking of affirmative defense).

This Court has similarly recognized that "[m]otions to strike pursuant to Federal Rule of Civil Procedure 12(f) are strictly construed and are generally viewed with disfavor." *Buser v. S. Food Serv.*, 73 F.Supp.2d 556, 560 (M.D.N.C.1999). A court should grant one only "when it is clear that the material in question can have no possible bearing upon the subject matter of the litigation and the material may prejudice the other party." *Moore v. Prudential Ins. Co. of Am.*, 166 F.Supp. 215, 217 (M.D.N.C.1958). On the other hand, such a motion "will be granted when the defense is clearly legally insufficient as, for example, when there is clearly no bona fide issue of fact or law." *Mary Jo Richardson v. Scotland Mem. Hosp.*, 1996 U.S. Dist. LEXIS 3973, * 4 (M.D.N.C. 1996); *Phillips v. J.P. Stevens & Co., Inc.*, 1995 WL 794199, *1, 32 Fed.R.Serv.3d 1373, 1373 (M.D.N.C. 1995) (citation omitted) (same).

The second type of defense that a court may strike is one that is "redundant, immaterial, impertinent, or scandalous." FED. R. CIV. P. 12(f). As noted hereinabove, however, the moving party must make a showing of prejudice. *Moore* at 217. Prejudice to the moving party may take many forms. For example, a court could properly strike allegations of criminal activity in a civil complaint as prejudicial to the defendant where plaintiffs did not bring any civil causes of action related to those activities. *Godfredson v. JBC Legal Group, P.C.*, 387 F.Supp.2d 543, 557 (E.D.N.C. 2005). A showing of prejudice may have less extreme bases, however. In *Canadian St. Regis Band of Mohawk Indians ex rel. Francis v. New York*, 278 F.Supp.2d 313, 325 (N.D.N.Y. 2003), a federal district court addressed a plaintiff's motion to strike twenty-three affirmative defenses. The court held that irrelevant affirmative defenses prejudice Plaintiffs where they "result in increased time and expense of trial, including the possibility of extensive and burdensome discovery" (citations omitted). This suggests that a key component of the showing of prejudice in a Rule 12(f) motion is a showing of undue burden on the moving party.

3. **THE FCRA**

Before turning to the affirmative defenses at issue in the matter at hand, a brief review of defenses that courts have found proper under the FCRA is in order. The FCRA does not contain any explicit statutory defenses, and available defenses are limited. Where a plaintiff has asserted state law claims in addition to an FCRA claim, a defendant may properly assert that the FCRA preempts the state law claims. *Ross v. FDIC*, 625 F.3d 303 (4th Cir. 2010). The Rooker-Feldman doctrine and collateral estoppel may bar some FCRA claims regarding accounts or claims for which prior judgments have been entered. *Brumby v. Deutsche Bank Nat'l Trust Co.*, 2010 U.S. Dist. LEXIS 13406, 2010 WL 627368 (M.D.N.C. Feb. 17, 2010).

B. **For the express reasons set forth below, this Court should strike Defendant's**

**affirmative defenses 1, 2, 3, 4, and 6 as being legally insufficient and immaterial.**

a. **Defendant's Defenses #1 and #2: Accord and Satisfaction and Set-off**

In its first and second affirmative defense, Defendant merely asserts the words "Accord and Satisfaction," and "Set-off" without establishing or alleging any factual basis for its assertion of these defenses. Dkt. #11, 9 at ¶¶ 1-2. Defendant North State makes various allegations regarding Plaintiff's payment history elsewhere in its Answer, but it is unclear whether those allegations relate to or underpin these two bare-bones affirmative defenses. These defenses are conclusory and devoid of factual support that would make them contextually comprehensible, and they should be struck.

b. **Defendant's Defenses #3 and #6: Equitable Estoppel and Waiver**

In its third affirmative defense, Defendant merely asserts the phrase "Equitable estoppel," without establishing or alleging any factual basis for its assertion of this defense. Dkt. #11, 9 at ¶ 3. Even before the United States Supreme Court established the *Twombly* standard, courts would strike such an irrelevant and overly broad defense on a Rule 12(f) motion. *See, e.g., Waste Management Holdings, Inc. v. Gilmore*, 252 F. 3d 316 (4th Cir. 2001). It is certainly legally insufficient under *Twombly*. *See*, *e.g*., *Racick*, 270 F.R.D. at 237 (in an FDCPA case, striking defenses of laches, waiver, and estoppel as "bare legal conclusions" where Defendant had asserted them without factual predicate); *accord*, *Palmer*, 2010 WL 2605179 at *6 (pleas of "Estoppel and Laches" without more were insufficient to state either defense and would be struck as bare legal conclusions); *Obabueki v. IBM*, 145 F. Supp. 2d 371, 401 (S.D.N.Y. 2001) (holding in an FCRA case that "[p]leading the words 'unclean hands' without

more […] is not a sufficient statement of such defense"); *Young v. LVNV Funding, LLC*, 2013 U.S. Dist. LEXIS 9396 (E.D. Mo. Jan. 24, 2013) (same).

Defendant's sixth defense asserts that "Plaintiff waived her interest in contesting a 'repossession' on her credit report by failing to raise the issue when she made her June 15, 2012 payments." Like the defenses of estoppel, the defense of waiver is irrelevant to the matter at hand. In *Moore v. Prudential Ins. Co. of Am.*, 166 F.Supp. 215 (M.D.N.C.1958), this court had occasion to consider a motion to strike a party's affirmative defenses of estoppel and waiver. Estoppel requires prejudicial reliance by one party on the acts or conduct of the other. *Id.* at 218. Waiver occurs when someone knowingly relinquishes a known right. *Id.* The *Moore* court struck the affirmative defense of estoppel, holding that where a party asserting the defense

> made no allegation or contention that she has been caused to change her position in any respect by reason of [the other party's actions], or has been prejudiced in any other manner, it is obvious that the doctrine of estoppel has no application to the factual situation here presented.

*Id.* at 219. The *Moore* court similarly granted the motion to strike the affirmative defense of waiver where the party asserting the defense failed to support it with any factual allegation or contention that the other party had intentionally relinquished a known right. *See id.* at 218-219.

In the instant matter, as in *Moore*, Defendant North State has failed to provide any notice whatsoever of the factual basis for the equitable defense of estoppel, much less make any allegation or contention that Plaintiff did anything to cause detrimental reliance on the part of Defendant, to cause Defendant's actions, to prejudice Defendant, or to relinquish rights known to her. Moreover, a consumer cannot waive an information furnisher's transmission of incorrect re-investigation made in violation of the law and over the reporting of which she had no control.

Furthermore, Ms. Staton played no role in the Defendant's decisions regarding its voluntary acts and omissions with regard to its false credit reporting. To the contrary, Plaintiff's Complaint alleges that Ms. Staton contacted Equifax to alert it to the problem, as required by the FCRA, and that Equifax, in turn, notified North State that it needed to re-investigate its credit reporting of the account. *See* Dkt. #3, Compl., ¶¶ 28-29, 46-49.

Additionally, such equitable defenses are improperly asserted under the FCRA for several reasons. They do not provide any excuse for a defendant's failure to comply with the statute that regulates its conduct, and they do not bar a claim for damages. *See*, *e.g.*, *Kiblen v. Pickle*, 33 Wn. App. 387, 396 (Wash. Ct. App. 1982) (holding that the FCRA "requires consumer reporting agencies to comply with the act regardless of fraud or misrepresentation on the part of the consumer"). Additionally, Plaintiff herein has requested no equitable relief under the FCRA, so equitable defenses are legally insufficient. *See Guessford v. Pa. Nat'l Mut. Cas. Ins. Co.*, 2013 U.S. Dist. LEXIS 6476, *40-41 (M.D.N.C. Jan. 16, 2013) (striking equitable defense of unclean hands where plaintiff had asked for no equitable relief). Therefore, the equitable defenses raised in ¶ 4 and 6 of the Answer are not relevant to Ms. Staton's FCRA claim against North State and pose no substantial question of law as to the claim.

    c. **Defendant's Defense # 4: Failure to State a Claim**

As its fourth affirmative defense, Defendant states, "Plaintiff's Complaint fails to state a claim upon which relief may be granted." Dkt. #11, 9 at ¶ 4. This defense is insufficient under *Twombly* and *Iqbal*, as it merely recites the standard for dismissal under Rule 12(b)(6) and fails to notify Plaintiff of any actual deficiencies in the Complaint. The United States District Court for the Eastern District of North Carolina struck an identical defense as insufficient in *Racick*, 270 F.R.D. at 234-235. *See also Topline*, 2010 WL 2998836 at *1-2 (striking the affirmative

defense "[t]he Complaint fails to state a claim upon which relief can be granted" because defense failed to state any facts and was "too conclusory to provide fair notice of the grounds on which" it stood). Defendant's fourth affirmative defense is similarly legally insufficient and conclusory, and this Court should therefore strike it from the pleading.

    d. **Prejudice to Plaintiff.**

Plaintiff emphasizes at this point that continued litigation of these unsupported, insufficient, and otherwise improper affirmative defenses prejudices her by unduly increasing the time, expense, and complexity of the litigation of this matter, particularly in that it will require extended discovery. As the defenses currently stands, there is inadequate information for Plaintiff to adequately determine on exactly what basis Defendant claims the defenses numbered 1, 2, 3, 4, and 6.[1] The Middle District of North Carolina requires the parties to engage in Differentiated Case Management, which severely limits interrogatories and discovery time frames. If the Court allows Defendant to play "hide the ball," Plaintiff will have to use up some of her limited discovery requests and time just to figure out exactly what factual bases are for these seemingly random defenses. A 30(b)(6) deposition of Defendant's representative may be necessary, requiring the parties to expend time and court reporter costs questioning Defendant as to the basis for each of these likely frivolous defenses. Additionally, Plaintiff is prejudiced in that these unsupported defenses will serve only to confuse the issues in this case before a jury at trial.

---

[1] Defendant has filed a separate motion to dismiss under Rule 12(b)(6), making the defense asserted in its answer additionally redundant.

## CONCLUSION

WHEREFORE, Plaintiff Monesha Staton moves this Court to strike Defendant's affirmative defenses numbered 1, 2, 3, 4, and 6 pursuant to FED. R. CIV. P. 12(f), and for such other and further relief to which she may be entitled.

This the 6th day of May, 2013.

Respectfully submitted,

By: /s/ Suzanne Begnoche
SUZANNE BEGNOCHE
Suzanne Begnoche, Attorney at Law
Attorney for Plaintiff
NCSB # 35158
312 West Franklin Street
Chapel Hill, NC 27516
begnoche@mindspring.com
Telephone: (919) 960-6108
Facsimile: (919) 500-5289

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
C.A. No. 1:13-cv-277

| | |
|---|---|
| MONESHA STATON,<br>　　　　　Plaintiff,<br><br>vs.<br><br>NORTH STATE ACCEPTANCE, LLC, and<br>EQUIFAX INFORMATION SERVICES,<br>LLC,<br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)　**CERTIFICATE OF SERVICE**<br>)<br>)<br>)<br>)<br>) |

    This is to certify that I have this day electronically filed the **Brief in Support of Motion to Strike Affirmative Defenses of Defendant North State Acceptance, LLC** with the Clerk of the Court using the CM/ECF system, which will send a copy to Defendants' attorneys:

| | |
|---|---|
| Kendall Carter, Esq.<br>Attorney for Equifax<br>King & Spalding LLP<br>1180 Peachtree Street, NE<br>Atlanta, GA 30309-3521<br>kcarter@kslaw.com | David G. Guidry, Esq.<br>Attorney for Equifax<br>King & Spalding LLP<br>100 North Tryon Street, Suite 3900<br>Charlotte, North Carolina 28202<br>dguidry@kslaw.com |

Robert D. Church, Esq.
Attorney for North State Acceptance, LLC
8801 Fast Park Drive, Suite 301
Raleigh, NC 27617
robertchurch@live.com

    THIS the 6th day of May, 2013.

                      Respectfully submitted by:  /s/ Suzanne Begnoche
                                                    Suzanne Begnoche, Attorney at Law
                                                    Attorney for Plaintiff
                                                    NCSB # 35158
                                                    312 West Franklin Street
                                                    Chapel Hill, NC 27516
                                                    Telephone: (919) 960-6108
                                                    Facsimile: (919) 500-5289
                                                    begnoche@mindspring.com