IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MONESHA STATON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:13-CV-277 |
| | ) | |
| NORTH STATE ACCEPTANCE, LLC, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

This matter is before the Court on Plaintiff's Motion to Strike certain affirmative defenses raised by defendant North State Acceptance, LLC, in its answer to the complaint. The Court agrees with the plaintiff that some of the affirmative defenses are inadequately pled and irrelevant, so the motion will be granted in part.

I.  Background

The plaintiff, Monesha Staton, has brought claims against defendant North State, an auto finance company, for violations of section 623(b) of the Fair Credit Reporting Act ("FCRA"). 15 U.S.C. § 1681s-(2)(b). She alleged that she obtained financing from North State to buy a vehicle, and that her May 2012 payment check was returned for insufficient funds. Doc. 3 at ¶ 14. North State repossessed her vehicle on June 14, 2012. *Id.* at ¶ 15. On June 15, 2012, Ms. Staton went to North State's office, paid her arrearage, and redeemed the vehicle. *Id.* at ¶ 16. Thereafter she made efforts to refinance the car loan with other lenders, but was turned down because her credit report inaccurately showed that her loan with North State was in a status of

Repossession and was past due. *Id.* at ¶¶ 22-26. It also inaccurately showed her last payment as having been made in April. *Id.* at ¶ 24. Ms. Staton contacted Equifax and asked them to verify the information; North State told Equifax the information was correct and Equifax refused to change the report. *Id.* at ¶¶ 28-36. Ms. Staton made her July payment and checked her credit report in August; the inaccurate information remained on the report. *Id.* at ¶¶ 39-44. Ms. Staton again contested the information on the report with Equifax and North State again told Equifax the false information was accurate. *Id.* at ¶¶ 46-60. Equifax and North State continued to report inaccurate information as of January 2013. *Id.* at 63.

North State's answer to the complaint includes seven affirmative defenses, each of which consists of a single phrase or sentence. (Doc. 11 at 9-10.) Quoted in full, those defenses read:

> In addition to Answers provided above, Defendant pleads the following affirmative defenses to Plaintiff's claims:
> 1. Accord and Satisfaction.
> 2. Set-off.
> 3. Equitable Estoppel.
> 4. Plaintiff's complaint fails to state a claim upon which relief may be granted.
> 5. Plaintiff cannot establish the elements for her claim for punitive damages.
> 6. Plaintiff waived her interest in contesting a "repossession" on her credit report by failing to raise the issue when she made her June 15, 2012 payments.
> 7. And such other further relief as the nature of this cause may require.

(*Id.*) Pursuant to Federal Rule of Civil Procedure 12(f), Ms. Staton moves to strike all but the fifth defense related to punitive damages. She makes two arguments: first, North State has not provided any factual allegations to support the defenses, and second, these defenses are insufficient as a matter of law.

II.     <u>Relevant Legal Principles</u>

Generally speaking, a party must raise affirmative defenses in its response to a preceding pleading or those defenses are waived. *See Brinkley v. Harbour Recreation Club*, 180 F.3d 598,

2

612 (4th Cir. 1999), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003), *as recognized in Inman v. Klockner Pentaplast of Am., Inc.*, 347 F. App'x 955, 961 (4th Cir. 2009). The purpose of this requirement is to ensure that the opposing party has notice of such defenses and opportunity to argue, if necessary, as to why the defenses are inappropriate. *See Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971).

Federal Rule of Civil Procedure 12(f) authorizes a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Such motions can prevent the litigation of "unnecessary issues," *Simaan, Inc. v. BP Prods. N. Am., Inc.*, 395 F.Supp.2d 271, 278 (M.D.N.C. 2005) (citing *Buser v. S. Food Serv., Inc.*, 73 F. Supp. 2d 556, 559 (M.D.N.C. 1999)), and expedite the proceedings. *Spell v. McDaniel*, 591 F. Supp. 1090, 1112 (E.D.N.C. 1984).

In *Waste Management Holdings, Inc. v. Gilmore*, 252 F.3d 316 (4th Cir. 2001), the Fourth Circuit noted that while "Rule12(f) motions are *generally* viewed with disfavor," there are cases when they should be granted. *Id.* at 347 (emphasis added). "[A] defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." *Id.* (citing 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1381, 665 (2d ed. 1990)). The court upheld the striking of a defense which had no basis and in support of which the defendants could produce no case law. *Id.* When it is clear that an asserted defense is legally insufficient, "as, for example, when there is clearly no bona fide issue of fact or law," it is appropriate to strike the defense. *Richardson v. Scotland Mem'l Hosp.*, No. 3:96CV00159, 1996 U.S. Dist. LEXIS 13973, at * 4 (M.D.N.C. July 31, 1996); *see Phillips v. J.P. Stevens & Co.*, No: 3:92CV00094, 1995 WL 794199, at *1 (M.D.N.C. May 1, 1995) (citation omitted).

3

A party moving to strike a defense pursuant to Rule 12(f) must make a showing of prejudice. *Moore v. Prudential Ins. Co. of Am.*, 166 F. Supp. 215, 217 (M.D.N.C. 1958). The court in *Canadian St. Regis Band of Mohawk Indians ex rel. Francis v. New York*, 278 F.Supp.2d 313 (N.D.N.Y. 2003), addressed a plaintiff's motion to strike twenty-three affirmative defenses. The court held that irrelevant affirmative defenses prejudice plaintiffs where they "result in increased time and expense of trial, including the possibility of extensive and burdensome discovery." *Id.* at 325 (emphasis removed) (quotation marks omitted).

The degree of factual specificity supporting an affirmative defense is a matter of some debate these days. Before the Supreme Court decided *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), it was relatively clear that such defenses did not require detailed factual support. Since those two cases changed the requirements for complaints, a number of courts have imposed similar requirements of particularity on affirmative defenses while others have declined to do so. *See* 5 Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure: Civil* § 1274 (3d ed. 2013). The Fourth Circuit has not weighed in on the question, though the majority of district courts have concluded that the particularity and plausibility standard from *Iqbal*/*Twombly* does apply to the pleading of affirmative defenses. *See Barry v. EMC Mortg.*, Civ. Action No. DKC 10-3120, 2011 WL 4352104, at *3-4 (D. Md. September 15, 2011) (discussing debate and collecting cases); *Racick v. Dominion Law Assocs.*, 270 F.R.D. 228, 233-34 (E.D.N.C. 2010) (collecting cases); *cf. Guessford v. Penn. Nat'l Mut. Cas. Ins. Co.*, ___ F. Supp. 2d ___, ___, 2013 WL 170523, at * (M.D.N.C. Jan. 16, 2013) (noting that the Fourth Circuit has not addressed the implications of *Iqbal*/*Twombly* on the pleading of affirmative defenses and applying pre-*Iqbal*/*Twombly* Fourth Circuit case law interpreting Federal Rule of Civil Procedure 8(c)).

At a minimum, however, the requirements of Rule 8 must be met and its purposes satisfied. Rule 8 requires defenses to be stated in "short and plain" terms, a standard which requires "more than conclusions." *Iqbal*, 556 U.S. at 679 (discussing the Rule 8 requirement that a complaint contain a "short and plain statement" of the claim). The purpose of Rule 8 generally is to give notice to an opponent. *See Blonder-Tongue Labs.*, 402 U.S. at 350. At a minimum, therefore, a statement of an affirmative defense must give notice to an opponent of its basis and go beyond conclusions.

III. Analysis

A. First Defense: Accord and Satisfaction

Based on a review of the complaint and the answer, the factual basis for an accord-and-satisfaction defense in this case is mysterious. Nothing in the answer itself gives a hint as to why there might be an accord and satisfaction, nor are there any facts from which one might draw inferences leading to that conclusion. Counsel for North State has explained the defense in its brief in opposition to the motion to strike, contending that when Ms. Staton paid off her loan from North State, this constituted a settlement of her FCRA claim against North State. The Answer does not allege that Ms. Staton paid off the loan.

If a party has settled a FCRA claim, it cannot then sue on that claim. *E.g.*, *In re Farmers Ins. Co., Inc., FCRA Litig.*, 738 F. Supp. 2d 1180, 1232 (W.D. Okla. 2010); *Nelson v. Equifax Info. Servs., LLC*, 522 F. Supp. 2d 1222, 1230 (C.D. Cal. 2007). However, North State cites no case for the novel proposition that unilaterally paying off a loan constitutes a settlement of a FCRA claim that has not yet been made.

Under North Carolina law, the elements of an accord and satisfaction are proof of an accord—"an agreement whereby one of the parties undertakes to give or perform, and the other to accept, in satisfaction of a claim, liquidated or in dispute, and arising either from contract or

5

tort, something other than or different from what he is, or considers himself, entitled to"—and a satisfaction—"the execution, or performance, of such an agreement." *Dobias v. White,* 239 N.C. 409, 413, 80 S.E.2d 23, 27 (1954) (quotation marks omitted). "Agreements are reached by an offer by one party and an acceptance by the other." *Prentzas v. Prentzas,* 260 N.C. 101, 104, 131 S.E.2d 678, 681 (1963). It is difficult to see how the unilateral act of the plaintiff paying off a loan held by the defendant could meet this definition. However, perhaps there are facts supporting such a defense which North State has not mentioned in its briefing.

As to this first defense, the answer violates Rule 8, even applying the pre-*Iqbal/Twombly* standard. The Court will strike the defense, but without prejudice to the filing of an amended answer if North State can provide facts to support such a defense.

    B.   Second Defense: Set-Off

North State agrees that its set-off defense should be dismissed. (Doc. 23 at 9.) The motion to strike will be granted as to this second defense.

    C.   Third Defense: Equitable Estoppel

Ms. Staton contends that there is no equitable estoppel defense to an FCRA claim, and North State has cited no case in support of its position. *See Waste Management Holdings*, 252 F.3d at 347 (upholding the striking of an affirmative defense where defendant cited no case law to support it). The statute itself does not mention estoppel, and Ms. Staton is not seeking equitable relief. *See Guessford*, ___ F. Supp.2d at ___, 2013 WL 170523 at *13 (explaining that equitable defense of unclean hands is available only when plaintiff seeks equitable relief). This defense should be stricken because it is an insufficient defense in a FCRA case.

    D.   Fourth Defense: Failure to State a Claim

North State separately made a motion to dismiss pursuant to Rule 12(b)(6) and supported that motion with a brief. (Docs. 12, 13.) The Court previously ruled on that motion. (Doc. 25.) The motion to strike will be denied to the extent it concerns the fourth defense.

E. Sixth Defense: Waiver

"The essential elements of a waiver are: (1) the existence, at the time of the alleged waiver, of a right, advantage or benefit; (2) the knowledge, actual or constructive, of the existence thereof; and (3) an intention to relinquish such right, advantage or benefit." *Fetner v. Rocky Mount Marble & Granite Works*, 251 N.C. 296, 302, 111 S.E.2d 324, 328 (1959) (citation omitted); *see Demeritt v. Springsteed*, 204 N.C. App. 325, 328-29, 693 S.E.2d 719, 721 (2010).

North State's sixth defense asserts that "Plaintiff waived her interest in contesting a 'repossession' on her credit report by failing to raise the issue when she made her June 15, 2012 payments." (Doc. 11 at 10.) This allegation is illogical; because the allegedly inaccurate credit information could not have been reported until after Ms. Staton's June 15, 2012, payment, there is no way she could have waived her FCRA claim on or before June 15.

The explanation provided by defense counsel in its brief about this defense is almost incomprehensible. The argument appears to be based on the misapprehension that the plaintiff has made some sort of contract claim, which is not the case; the complaint alleges only FCRA violations. At best, counsel restates his position that Ms. Staton settled her FCRA claim by paying off her loan; however, the factual allegations in the answer itself make no mention of the fact that she allegedly paid off her loan, and the affirmative defense refers only to a single payment on the loan.

As to this sixth defense of waiver, the answer violates Rule 8, even applying the pre-*Iqbal/Twombly* standard. Based on North State's brief, it appears this affirmative defense is without merit substantively. Nonetheless, the Court will allow North State to file an amended

7

answer with a clearer factual basis for this defense, if it can do so consistent with the requirements of Rule 11.

It is **ORDERED** that the Motion to Strike is:

1. **GRANTED in part**, in that the First, Second, Third, and Sixth Defenses are **STRICKEN**, without prejudice to the filing of an amended answer more specifically stating the factual bases for the First and Sixth Defenses no later than August 13, 2013; and

2. **DENIED in part**, as to the Fourth Defense.

This the 29th day of July, 2013.

_____
UNITED STATES DISTRICT JUDGE